

**IT IS ORDERED as set forth below:**

**Date: July 10, 2017**

_____
**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | CASE NO. **16-52395-PMB** |
| | : | |
| **MICHAEL DAVID SULLIVAN,** | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |
| **WAYNE STEVE MATTHEWS,** | : | |
| **LINDA MATTHEWS, and JANE RIVERS,** | : | |
| | : | |
| Plaintiffs, | : | ADVERSARY PROCEEDING |
| | : | |
| v. | : | NO. **16-5165** |
| | : | |
| **MICHAEL DAVID SULLIVAN**, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

Before the Court is the Motion of the Plaintiffs named above (the "Plaintiffs") for Judgment on the Pleadings filed on May 15, 2017 (Docket No. 17) (the "Motion"), against the Defendant-Debtor (the "Debtor") under Federal Rule of Civil Procedure 12(c), incorporated herein through

Federal Rule of Bankruptcy Procedure 7012(b).[1] The Motion relates to the Plaintiffs' Complaint filed on July 26, 2016 (Docket No. 1) (the "Complaint"), which the Debtor answered on August 26, 2016 (Docket No. 5) (the "Answer"). In the Complaint, the Plaintiffs allege that certain indebtedness owed to them by the Debtor, based on a final Judgment entered against defendants Michael Holt, Senior Care Plus, Inc., and the Debtor by the United States District Court for the Western District of Tennessee (the "Tennessee District Court") on September 23, 2003 (the "Tennessee Judgment") (Exhibit 10 to the Complaint),[2] for violations of various federal and state securities laws as well as fraud and misrepresentations, should be excepted from discharge under 11 U.S.C. § 523(a)(19).[3] Through the Motion, the Plaintiffs seek entry of relief relying on the Complaint, the Exhibits (which reflect the allegations and findings in the Tennessee Litigation),

---

[1] This Court has jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (I).

[2] Plaintiffs attached to the Complaint (at Docket No. 1) the following documents as entered in the Tennessee Litigation:

    Exhibit 1 – Original Tennessee Complaint;
    Exhibit 2 – Debtor's Answer;
    Exhibit 3 – Amended Tennessee Complaint;
    Exhibit 4 – Notice of Matters Admitted by Debtor;
    Exhibit 5 – Motion for Summary Judgment in the Tennessee Litigation;
    Exhibit 6 – Brief in Support;
    Exhibit 7 – Order Granting Summary Judgment (Exhibit 8 is a Duplicate Order);
    Exhibit 9 – Order on Summary Judgment (Damages);
    Exhibit 10 – Final Judgment in the Tennessee Litigation;
    Exhibit 11 – Final Judgment in N.D.Ga. Reviving Judgment; and,
    Exhibit 12 – Second Order Reviving Judgment.

(hereafter, an "Exhibit," or collectively, the "Exhibits." Exhibits referred to by number in this Order are the Exhibits to the Complaint).

[3] The Tennessee Judgment was entered in the sum of $196,547.38 for Plaintiff Jane Rivers and $57,064.77 for Plaintiff Steven Matthews (for a total amount of $253,612.15), in a lawsuit styled as *Wayne Steve Matthews, Linda J. Matthews, and Jane Rivers v. Senior Care Plus, Inc. f/k/a Senior Care Plus, Mike G. Holt, Kevin Nutting, Michael Sullivan, Jeffrey Paine, and Garland Hogan*, Amended Class Action Complaint, No. 00-2141 G A (W.D.Tenn. Oct. 27, 2000) (Exhibit 3) (the "Tennessee Litigation").

The Plaintiffs state that the Tennessee Judgment has been registered and domesticated in Georgia, subsequently renewed and revived (Civil Action No. 2:12-cv-00099-WCO), and a writ of execution issued thereon. *See* Exhibits 11 - 16. Plaintiffs further state that they reserve their claim for attorney's fees as set forth in the Complaint, and that in the Motion they are only seeking a ruling determining that the Tennessee Judgment is not subject to discharge in this case.

2

and the Debtor's admissions in the Answer.[4]  The Debtor, who is now *pro se*,[5] filed no response to the Motion.

The Plaintiffs move for relief under Rule 12(c).  Entry of judgment pursuant to such a motion is appropriate "'when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.'" *JP Morgan Chase Bank, N.A. v. Sampson*, 2012 WL 949698, *2 (N.D.Ga. March 20, 2012), quoting *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998);  *Cunningham v. Dist. Att'y's Office for Escambia Cnty.,* 592 F.3d 1237, 1255 (11th Cir. 2010).  A Rule 12(c) motion invokes the same legal analysis and standards used in connection with a motion to dismiss under Rule 12(b)(6).  *See Sampson, supra*, at *2, citing *Roma Outdoor Creations, Inc. v. City of Cumming,* 558 F.Supp.2d 1283, 1284 (N.D.Ga. 2008);  *Gentilello v. Rege,* 627 F.3d 540, 543–44 (5th Cir. 2010).  For such a motion to be granted, the complaint "must contain sufficient factual matter to state a claim for relief that is 'plausible on its face.'"  *Sampson, supra*, citing *Wooten v. Quicken Loans, Inc.,* 626 F.3d 1187, 1196 (11th Cir. 2010), quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Under this standard, although allegations of fact are taken as true, the same consideration does not hold for "bare 'legal conclusions.'"  *Sampson*, quoting *Ashcroft v. Iqbal, supra*.  Once the plaintiff presents sufficient "'factual content that allows the court to draw the reasonable inference

---

[4] Responding to the Plaintiffs' allegations regarding the Exhibits in the Answer, the Debtor did not dispute that the attached documents are true and correct copies.  The Debtor variously states that he admits same insofar as the subject documents exist, but that their meaning calls for a legal conclusion, the documents speak for themselves, and/or entry of judgment against the Debtor occurred when he did not have the benefit of counsel.  The Court further notes that the Debtor filed a joint report with the Plaintiffs herein entitled *Initial Disclosures After Conferring–Rule 26(f) Conference* (Docket No. 8).

[5] The Debtor's bankruptcy counsel filed the Answer, but subsequently requested to withdraw as counsel in this Adversary Proceeding.  The Court granted the Consent Motion of Debtor's counsel to withdraw herein by Order entered on November 29, 2016 (Docket No. 10).

3

that the defendant is liable for the misconduct alleged,'" the complaint is considered "'plausible on its face.'" *Id.* The plaintiff must offer more than labels or a "'formulaic recitation of the elements of a cause of action'…to raise a right to relief above the 'speculative level.'" *Sampson*, *supra*, quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Under 11 U.S.C. § 523(a)(19), certain debts created in connection with securities transactions are excepted from discharge.[6] To preclude dischargeability under this provision, the Plaintiffs must meet two conditions: first, the Plaintiffs must establish that the debt arises from a "violation of securities laws or for fraud in connection with the purchase or sale of a security (the 'Subsection A requirement');" and, second. "the debt must be memorialized in a judicial or administrative order or settlement agreement (the 'Subsection B requirement')". *See Faris v. Jafari (In re Jafari),* 401 B.R. 494, 496 (Bankr. D.Colo. 2009). Based on the pleadings of record, the Plaintiffs contend that the facts required to support a finding that the Tennessee Judgment is excepted from discharge under Section 523(a)(19) are established through the Debtor's admissions and/or failure to deny all material and relevant allegations regarding the unequivocal findings of

---

[6] Section 523(a)(19) provides that a discharge under 727 does not discharge a debt that:

    (A) is for—
        (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934 [15 USC § 78c(a)(47)]), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
        (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

    (B) results, before, on, or after the date on which the petition was filed, from
        (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
        (ii) any settlement agreement entered into by the debtor; or
        (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19).

liability and entry of judgment for damages contained in the Exhibits and incorporated into the Complaint. *See* Fed.R.Civ.P. 8(b); Fed.R.Bankr.P. 7008. In the Tennessee Judgment (Exhibit 10), the Tennessee District Court entered final judgment in favor of the Plaintiffs against the Debtor and the other named defendants therein "on all issues of liability," based on the *Order Granting Summary Judgment in Favor of Plaintiffs and Denying Defendant's Motions to Set Aside Summary Judgment and Withdraw Admissions* (Exhibit 7) (the "Summary Judgment Order"), in which the Tennessee District Court affirmed its granting of summary judgment following a hearing on damages.[7]

In the Motion for Summary Judgment filed in the Tennessee Litigation (Exhibit 5), the Plaintiffs had asserted that defendants "engaged in an undisputed concerted pattern of fraudulent activity" regarding the marketing of certain viatical settlements they misrepresented as safe investments. Holding themselves out as "as investment advisers," defendants committed "violations of both state and federal statutory laws regulating investment advisers," targeting older-aged persons with retirement funds who lost their investments due to the defendants' "misrepresentations of material facts."[8]

---

[7] Having found in favor of the Plaintiffs, the Tennessee District Court entered the Order on Damages on September 23, 2003 (the "Order on Damages") (Exhibit 9) setting forth specific monetary amounts as awarded. From these Orders, it appears that the District Court had previously granted summary judgment, but allowed the Debtor time to file certain materials in response, and upon review of same, entered the Summary Judgment Order. In the Summary Judgment Order, the Tennessee District Court also denied the Debtor's motion to set aside summary judgment, and denied the Debtor's renewed motion to withdraw admissions. The Debtor had argued that summary judgment was entered on the basis of facts deemed unopposed due to his failure to respond, which the Debtor blamed on his attorney. The Tennessee District Court observed that the Debtor's admissions had not been addressed for over one year, nor did the Debtor suggest with any specificity that any of the admissions were inaccurate. The record presented herein does not reflect that the Debtor ever filed an appeal at any stage during the Tennessee Litigation, and this bankruptcy court does not sit as an appellate tribunal or as a forum to relitigate matters on which final and dispositive rulings have been entered in a court of competent jurisdiction.

[8] In the Amended Complaint filed in the Tennessee Litigation, the Plaintiffs alleged violations through a class action of variously cited federal securities laws as well as the Tennessee Securities Act, along with common law claims for fraud, breach of contract, intentional and negligent misrepresentation, and breach of fiduciary duty in connection with the marketing and sale of certain viaticated settlements where persons with terminal illnesses sold their life insurance policies at a discount to the death benefit. Plaintiffs alleged that in marketing these contracts, the defendants relied on false and misleading guarantees regarding the security, liquidity, and return on investment. *See* Exhibit 3.

Upon review of the documents presented from the Tennessee Litigation, it appears that judgment was granted against the Debtor based on violations of federal and state securities laws and fraud in connection with the sale and purchase of securities (investments in the viaticated settlement contracts), and that such violations satisfy the standard set forth in Section 523(a)(19)(A).[9] Further, it appears that the claim of the Plaintiffs asserted in the Complaint results from the Tennessee Judgment entered by the Tennessee District Court on the basis of such violations, thus satisfying the requirement of 11 U.S.C. § 523(a)(19)(B).

Accordingly, based upon the foregoing, and there being no material facts in dispute consistent with the standard of Fed.R.Civ.P. 12(c), it is

**ORDERED** that the Motion be, and the same hereby is, **GRANTED**; and, judgment will be entered in favor of the Plaintiffs and against the Debtor on the Complaint.  It is further

**ORDERED** that the Plaintiffs' claim against the Debtor based on the Tennessee Judgment be, and the same hereby is, **excepted** from discharge in this Chapter 7 bankruptcy case under 11 U.S.C. § 523(a)(19).

A separate written judgment is entered contemporaneously herewith.

The Clerk is directed to serve a copy of this Order upon counsel for the Plaintiffs, the Debtor, the Chapter 7 Trustee, and the United States Trustee.

**[END OF ORDER]**

---

[9] Viatical or life settlement contracts as marketed by the Debtor and other defendants, in which the Plaintiffs invested money with an expectation of profit as alleged in the Tennessee Litigation, qualify as "investment contracts" within the definition of a "security" under both the Securities Act of 1933 (15 U.S.C. § 77b(a)(1)) and Securities Exchange Act of 1934 (15 U.S.C. § 78c(a)(10)).  *See Securities & Exchange Comm'n v. Mutual Benefits Corp.*, 408 F.3d 737 (11th Cir. 2005) (discussing *Securities & Exchange Comm'n v. W.J. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed.2d 1244 (1946);  *see also Securities & Exchange Comm'n v. Torchia*, 183 F.Supp.3d 1291 (N.D.Ga. 2016).